```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MELVIN O. ADETUYI,                  :
                                    :
                Plaintiffs,         :
                                    :   10 Civ. 8750 (DAB)(THK)
                                    :
        -against-                   :
                                    :   REPORT AND RECOMMENDATION
                                    :
U.S. POWER GENERATING CO., UNITED   :
STATES GOVERNMENT,                  :   (PRO SE)
                                    :
                Defendants.         :
------------------------------------X
```

**TO: HON. DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE**
**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Melvin O. Adetuyi, proceeding pro se, filed the initial Complaint in this action on November 12, 2010, against his former employer, U.S. Power Generating Company ("U.S. Power"). The Complaint asserted claims of employment discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), the New York State Human Rights Law, and the New York City Human Rights Law, alleging that Plaintiff was terminated from his employment because of his race (black), gender, perceived national origin (from West Africa), and age. Prior to effecting service on U.S. Power, on March 21, 2011, Plaintiff filed an Amended Complaint asserting the same claims against U.S. Power, but adding as a defendant the United States Government ("the Government"). The Amended Complaint alleges a "link" between U.S. Power and the

COPIES MAILED
TO COUNSEL OF RECORD ON 12/9/11

Government, which can only be characterized as delusional. Plaintiff alleges that after deciding to run a business investing in commodities, he "encountered numerous obstacles including outright subterfuge from Switzerland all the way down to Africa. . . ." (Am. Compl. ¶ II E.) While seeking employment, he lost his home and everything in the home was confiscated. He later moved to Utah and then to California. While in California, he had a driving job and was injured in an accident. It was at that point that Plaintiff "was advised to think deep and figure out who is after me instead of trying too hard to get a job." (Id.) Based on that deep thinking, Plaintiff came to the conclusion that, among other things, the Government "[c]onniv[ed] with US Power Generating Company with intent to enslave;" engaged in a "[c]overt psychological attack with intent to subvert/change social and sexual orientation; "[a]ttempted assassination with secret weapons including poisons and Snake venom"; and engaged in an "[e]gregious act of subterfuge to create massive loss of profit/income." (Id.) Plaintiff contends that his rights under a variety of federal statutes were violated.

Presently before the Court is the Government's motion to dismiss the Amended Complaint because it is both frivolous and fails to state a claim for relief. The motion was referred to this Court for a Report and Recommendation, pursuant to 28 U.S.C. §

636(b)(1)(B) and (C). For the reasons that follow, this Court recommends that the claims against the Government be dismissed with prejudice, and that the claims against U.S. Power be dismissed without prejudice.

**DISCUSSION**

I. <u>Dismissal Pursuant to 28 U.S.C. § 1915</u>

   A. <u>Applicable Law</u>

   Plaintiff was granted <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915. That statute allows an indigent litigant to commence and pursue a civil action in federal court without paying certain costs. See 28 U.S.C. § 1915(a). The statute also allows a district court to dismiss a case if the court determines that the action is "frivolous or malicious," to protect against abuses of this privilege. See 28 U.S.C. § 1915(e)(2)(B)(I).

   The Supreme Court has held, in the context of a motion to dismiss a claim pursuant to § 1915, that "a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 1733 (1992) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 325-328, 109 S. Ct. 1827, 1831-33 (1989)) (internal citations omitted). However, "to dismiss [a complaint] as frivolous without any factual development is to disregard the

3

age-old insight that many allegations might be 'strange, but true; for truth is always strange, [s]tranger than fiction.'" Denton, 504 U.S. at 33, 112 S. Ct. 1733-34. Thus, a court may not dismiss a complaint "simply because the court finds the plaintiff's allegations unlikely." Id. at 33, 112 S. Ct. at 1733. Nonetheless, a court may, in its discretion, determine a case is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id.

B. Application to the Amended Complaint

The Amended Complaint meets the standard of being factually frivolous because it is clearly irrational and incredible. In fact, it contains no objective factual allegations against the Government. Instead, the claims against the Government are based on what appears to be delusional speculation. There is no connection between the underlying employment discrimination claims against U.S. Power and the Government. Everything alleged against the Government appears to have occurred after Plaintiff's employment with U.S. Power ended, and none of the allegations are related to Plaintiff's claims of discrimination. Yet, Plaintiff appears to believe that there was some sort of conspiracy between U.S. Power and the Government to torment him after his employment

4

with U.S. Power ended.[1]

In addition to being facially frivolous, Plaintiff's conspiracy claim is patently inadequate to survive a motion to dismiss.

In order to survive a motion to dismiss a conspiracy claim against government officials, a plaintiff must allege (1) an agreement between state actors; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. See Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). Complaints containing "conclusory or general allegations [of conspiracy] are insufficient." Walker v. Jastremski, 430 F.3d 560, 564 n.5 (2d Cir. 2005); see also Ciambrello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002) ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to

---

[1] Plaintiff's response to the Government's motion is no more rational than the Amended Complaint. For example, Plaintiff ties his claims against the Government to his contention that he was assaulted by several men in dark glasses and suits when he was on a train leaving Zurich, Switzerland. Plaintiff intuitively "deduced that the encounter would never have happened except that the agents [he] spotted on board the train" asked to see his passport and said to someone on the telephone that "the black man beat me, I fell," thus leading Plaintiff to conclude that "he was reporting back to an American." (Reply By Plaintiff to Motion to Dismiss, at 2-3.) Plaintiff also ties the alleged conspiracy between the Government and U.S. Power to being "continuously harassed by shelter workers [in Salt Lake City] and a gang of heavily bearded men who claim to come from New York and kept asking [him] for perverted Sexual favors. . . ." (Id. at 3.)

5

deprive the plaintiff of his constitutional rights are properly dismissed[.]") (quoting Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)); see also Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993) (same).

Here, Plaintiff's claim of conspiracy is vague, conclusory and wholly incredible.

II. Sovereign Immunity

Although it is unnecessary to address at any length the other grounds raised by the Government in support of its motion to dismiss, if the Amended Complaint were to be construed as raising constitutional claims against the Government, such claims are barred by the doctrine of sovereign immunity.

It is "axiomatic" that, under the principle of sovereign immunity, "the United States may not be sued without its consent, and that the existence of consent is a prerequisite for jurisdiction." Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004); see also Lehman v. Nakshian, 453 U.S. 156, 160-61, 101 S. Ct. 2698, 2701-02 (1981); United States v. Testan, 424 U.S. 392, 399, 96 S. Ct. 948, 953-54 (1976); United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 769-70 (1941) Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005) ("a finding of sovereign immunity . . . deprive[s] [a] court of subject matter jurisdiction"). There has

6

been no waiver of sovereign immunity for constitutional torts. See Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994) ("[T]he United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts[.]"); see also Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994); Doe v. Torres, No. 05 Civ. 3388 (JSR)(GWG), 2006 WL 290480, at *4 (S.D.N.Y. Feb. 8, 2006); James v. United States, No. 99 Civ. 4238 (BSJ)(HBP), 2003 WL 22149524, at *4 (S.D.N.Y. Sept. 17, 2003). Because sovereign immunity has not been waived, the Court lacks subject matter jurisdiction over Plaintiff's constitutional claims against the United States.

For all of the above reasons, this Court recommends that the Amended Complaint be dismissed against the Government with prejudice.[2]

## IV. Failure to Effect Service on U.S. Power

The Amended Complaint was filed on March 21, 2011. When the Amended Summons was issued, Plaintiff was sent information from the Court's Pro Se Office advising him of his obligation to effect service within 120 days and that the case would be dismissed if the Defendants were not properly served. On June 6, 2011, this Court

---

[2] Plaintiff does not have viable claims against the Government under Title VII, the ADEA, the New York State Human Rights Law, or the New York City Human Rights Law, because the Government is not alleged to have been his employer.

7

issued a separate Order advising Plaintiff that the Amended Complaint had to be served on Defendants by July 19, 2011, and if he did not do so and failed to show cause for that failure the case would be dismissed. (See Order, dated June 6, 2011.)

As of this date the Amended Complaint has still not been served on Defendant U.S. Power, and Plaintiff has not sought additional time to serve or offered an explanation for his failure to serve U.S. Power. The deadline for service passed approximately five months ago. Accordingly, this Court recommends that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Amended Complaint against U.S. Power be dismissed without prejudice.

**CONCLUSION**

For the reasons set forth above, this Court respectfully recommends that the claims against the United States Government be dismissed with prejudice and the claims against U.S. Power Generating Company be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and (d). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, United States District Judge, and to the chambers of the undersigned, Room 1660.

Any requests for an extension of time for filing objections must be directed to Judge Batts. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466, 475 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully Submitted,

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: December 9, 2011
       New York, New York